**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROZALIYA MYGALYUK; MYKHAILO BENDERLIY,<br><br>        Petitioners,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>        Respondent. | No.    16-73189<br><br>Agency Nos.    A079-610-393<br>                        A079-610-394<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2026**
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Rozaliya Mygalyuk and her husband, derivative petitioner

Mykhailo Benderliy, natives and citizens of Ukraine, petition for review of the

Board of Immigration Appeals' ("BIA") decision denying their motion to reopen to

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on changed country conditions in Ukraine. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. Garland*, 46 F.4th 1117, 1121 (9th Cir. 2022). We "must uphold the agency's decision unless it is arbitrary, irrational, or contrary to law." *Id.* (citation modified). "We review the agency's factual findings for substantial evidence." *Id.* We must "uphold the agency's determination unless compelled to the contrary." *Id.* (citation modified).

To prevail on a motion to reopen based on changed conditions, 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii), a petitioner must show, among other things, that conditions have changed materially in the country of removal and that the petitioner is prima facie eligible for the relief sought. *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). Petitioners claim that, due to the outbreak of armed conflict in Ukraine after Russia annexed Crimea, conditions are worse in Ukraine for Pentecostal Christians than they were at the time of the last hearing in 2006. They also claim that Benderliy would be forced to serve in the armed forces despite his religious objections. And they contend that "violence towards civilians in general has increased." The BIA ruled that the evidence that Petitioners

2

submitted does not show a material change in conditions in Ukraine. The BIA did not abuse its discretion in denying the motion to reopen.

First, contrary to Petitioners' argument on appeal, the BIA did not require that they "demonstrate that circumstances had changed in every part of Ukraine." Rather, the BIA found that Petitioners' evidence of persecution of Pentecostal Christians in eastern Ukraine was not material to Petitioners' application because they did not demonstrate that they had lived in eastern Ukraine or that they would be forced to live in eastern Ukraine if they returned.

Second, regarding any possible military conscription of Benderliy, "forced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Petitioners presented no evidence that the Ukrainian government would target Benderliy for conscription or punishment "on account of his religion." *See id.* (citing *Canas–Segovia v. INS*, 970 F.2d 599, 601 (9th Cir. 1992)).

Third, the BIA did not misconstrue Petitioners' evidence regarding the recent armed conflict as an argument for relief based on general country conditions. Petitioners must show that the recent conflict made them eligible for relief. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (observing that the "critical question is . . . whether circumstances have changed sufficiently that a

petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution"). The BIA permissibly concluded that Petitioners' evidence of generalized conditions was not material to their claims.

**PETITION DENIED.**